IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED
JUN 1 0 2008
William B. Guthrie
Clerk, U.S. District Court
By
Deputy Clerk

| | |
|---|---|
| EMBRY JAY LOFTIS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 07-377-RAW-KEW ) |
| OKLAHOMA DEPARTMENT OF CORRECTIONS, | ) ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner is challenging his loss of 365 earned credits through a disciplinary hearing at the Jess Dunn Correctional Center in Taft, Oklahoma. The respondent alleges petitioner has not exhausted his administrative remedies for the claim.

The record shows that petitioner was issued an Offense Report for Menacing on May 19, 2006, after a female prison staff member reported that he had yelled and become belligerent and obnoxious in the prison law library, jumping from his chair in a menacing and threatening manner. An inmate witness reporting the same conduct stepped between petitioner and the staff member. Petitioner was found guilty at his May 30, 2006, disciplinary hearing, and on June 1, 2006, the facility head reviewed and approved the outcome of the hearing. Petitioner attempted to submit an appeal to the DOC Director's Designee, but the appeal did not comply with DOC's policy for filing appeals. The appeal was returned unanswered with an explanation of how it failed to comply with policy.

Petitioner attempted to submit the appeal a second time, but it again was rejected as improper. Petitioner was advised that he could not resubmit the appeal. Petitioner then submitted correspondence to the Director's Designee, stating he did not understand why his attempted appeals were rejected, and on September 20, 2006, he was advised by the Director's Designee that the decision was final.

On October 10, 2006, more than four months after the disciplinary hearing, petitioner submitted an appeal out of time to DOC's administrative review unit. The acting DOC Director's Designee denied petitioner's request to file an appeal out of time, noting that petitioner had been given two opportunities to correct and resubmit his appeal, but he had failed to do so.

Petitioner next sought judicial review of the disciplinary hearing in Oklahoma County District Court, pursuant to Okla. Stat. tit. 57, § 564.1. The state district court thoroughly reviewed the history of petitioner's disciplinary proceedings and found petitioner had received all the due process protections set forth in Okla. Stat. tit. 57, § 564.1, and petitioner had failed to exhaust his available administrative remedies. *Loftis v. Jones*, No. CJ-06-9700 (Okla. County Dist. Ct. Aug. 10, 2007). Plaintiff then filed a petition for a writ of mandamus in the Oklahoma Court of Criminal Appeals (OCCA), again alleging he was denied his fundamental right to due process and equal protection during his disciplinary proceedings. The OCCA denied relief, finding no error in the district court's order and that petitioner had not met his burden for the issuance of a writ of mandamus. *Loftis v. Okla. County Dist. Ct.*, No. MA-2007-884, slip op. at 1 (Okla. Crim. App. Oct. 9, 2007).

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). A petitioner

proceeding under § 2241 must exhaust available state remedies. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "This requirement extends to the exhaustion of *administrative* remedies as well." *Dulworth v. Evans*, 442 F.3d 1265, 1269 (10th Cir. 2006) (emphasis in original) (citations omitted).

**ACCORDINGLY,** the respondent's motion to dismiss for failure to exhaust his administrative remedies [Docket #6] is GRANTED, and this action is dismissed in its entirety.

**IT IS SO ORDERED** this _10th_ day of June 2008.

*[signature]*

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**